UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AMY D.,[1] | : | Case No. 3:20-cv-344 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Amy D. brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #18), the Commissioner's Memorandum in Opposition (Doc. #21), Plaintiff's Reply (Doc. #22), and the administrative record (Doc. #12).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on September 5, 2017, alleging disability due to several impairments, including lupus; sacroiliitis; severe arthritis in back, knees, feet, neck, and shoulders; tremors in legs and hands; cramping in legs and feet; numbness in legs, feet, and hands; skin issues; trigeminal neuralgia fatigue; memory issues; severe colitis; heat intolerance; falling and fainting issues; secondary Sjogren; frequent urinary tract infections and kidney stones; asthma and anemia issues; major vision issues; and glaucoma. After Plaintiff's application was denied initially and upon reconsideration, she requested and received a video hearing before Administrative Law Judge (ALJ) Marc Jones. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since March 1, 2014, her alleged onset date. |
| Step 2: | Plaintiff has the following severe impairments: multilevel degenerative disc disease of the cervical and lumbar spine, fibromyalgia syndrome (FMS), and a respiratory disorder/asthma. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … except [Plaintiff] is limited to frequent reaching. [Plaintiff can] occasionally climb ramps and stairs, balance, stoop, kneel, and/or crouch. [Plaintiff] can tolerate occasional exposure to extreme temperatures, and pulmonary irritants such as fumes, odors, dusts, |

|   |   |
|---|---|
|   | gases, and areas of poor ventilation. [Plaintiff] can never climb ladders, ropes, or scaffolds or crawl. [Plaintiff] must avoid all exposure to work at unprotected heights, and she can never operate a motor vehicle as part of her work-related duties. [The work] must allow [Plaintiff] to shift position at least every 30 minutes, or alternate between sitting and standing for 1 to 2 minutes, but she would remain on task." |
| Step 4: | Plaintiff is capable of performing her past relevant work as a cashier. This work does not require the performance of work-related activities precluded by her RFC. |
| Step 5: | In addition to her past relevant work, there are other jobs that exist in significant numbers in the national economy that Plaintiff can also can perform, considering her age, education, work experience, and RFC. |

(Doc. #12, *PageID* #s 59-72). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability from March 1, 2014 to the date of his decision, October 8, 2019. *Id.* at 72.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #12, *PageID* #s 59-72), Plaintiff's Statement of Errors (Doc. #18), and the Commissioner's Memorandum in Opposition (Doc. #21). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

Plaintiff asserts that the ALJ erred in evaluating the medical source opinions, medical record, and her symptom severity. (Doc. #s 18, 22). Specifically, she argues that the ALJ erred in his assessment of her fibromyalgia. The Commissioner maintains that substantial evidence supports the ALJ's conclusions. (Doc. #21).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." Soc. Sec. R. 12-2p, 2012 WL 3104869, at *2 (July 25, 2012). Notably, as the Sixth Circuit has emphasized on several occasions, fibromyalgia patients "generally 'present no objectively alarming signs.'" *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 861 (6th Cir. 2011) (citing *Rogers*, 486 F.3d at 243) (citations omitted). Therefore, "disability claims related to fibromyalgia are related to the *symptoms* associated with the condition—including complaints of pain, stiffness,

fatigue, and inability to concentrate—rather than the underlying condition itself." *Id.* at 862 (citing *Rogers*, 486 F.3d at 247) (citation omitted).

In the present case, the ALJ classified Plaintiff's fibromyalgia syndrome as a severe impairment at Step Two. (Doc. #12, *PageID* #61). However, despite this Step Two finding, at Step Four, when assessing Plaintiff's residual functional capacity, the ALJ failed to properly consider Plaintiff's fibromyalgia when weighing Plaintiff's treating physician's opinion.

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c. Because Plaintiff's claim for disability was filed in September 2017, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 404.1520c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 404.1520c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 404.1520c(c)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id*.

Plaintiff's primary care physician, Kevin Macy, D.O., provided a medical source statement in August 2019. (Doc. #12, *PageID* #s 2290-94). Dr. Macy opined that Plaintiff occasionally lift two to five pounds. He explained that she has severe pain in her neck, back, shoulders, feet, and knees; instability; and weakness and numbness in her hands. *Id.* at 2290-91. Further, she has a connective tissue disease (autoimmune) and hypermobility. *Id.* Dr. Macy opined that Plaintiff

6

could stand/walk for fifteen minutes at a time for a total of thirty minutes in an eight-hour workday. *Id.* at 2291. She needs a wheelchair for any distance longer than one city block. *Id.* Plaintiff can sit for five hours in an eight-hour workday but must elevate her legs and change positions frequently. *Id.* She can occasionally climb, crouch, kneel, and crawl but can never balance or stoop. *Id.* at 2292. Plaintiff's ability to see and speak is limited by intermittent blurred vision and slurred speech. *Id.* Her ability to handle, finger, feel, and push/pull are impaired by numbness in her hands and weakness in her arms. *Id.* Her exposure to heights and moving machinery should be restricted due to imbalance, weakness, and numbness. *Id.* at 2293. Exposure to chemicals, temperature extremes, dust, fumes, and humidity is intolerable due to Plaintiff's asthma. *Id.* Dr. Macy also found that Plaintiff cannot write or use a computer for more than fifteen to twenty minutes due to neck pain and arm numbness/weakness. *Id.* Dr. Macy concluded that Plaintiff does not have the residual functional capacity to perform sedentary or light work on a sustained basis. *Id.* at 2293-94. He explained that Plaintiff has "multiple problems" including inflammatory arthritis, connective tissue disease, hypermobility syndrome, degenerative disc disease of the cervical and lumbar spines, lumbar disc herniation, fibromyalgia, elevated LFTs (possible autoimmune disorder), migraine headaches, Sjogren's Syndrome, and "multiple other problems that impair her ability to work at all." *Id.* at 2294.

The ALJ was not persuaded by Dr. Macy's opinion because "it was neither consistent with, or supported by the record." *Id.* at 70. The ALJ explained, for example, that Dr. Macy based some of his severe limitations on Plaintiff's allegations of pain and alleged instability of joints, "despite no clinician noting dislocation or stability problems, as well as weakness and neurologic loss were as detailed above [Plaintiff's] strength was within normal limits, and she was neurologically

preserved with no clinician performing neurologic testing that confirmed ongoing deep tendon reflex issues or sensory loss." *Id.* at 69.

The ALJ's observations illustrate an important known fact about fibromyalgia—a fact that the Sixth Circuit has repeatedly emphasized. Fibromyalgia patients "typically 'manifest normal muscle strength and neurological reactions and have full range of motion.'" *Kalmbach*, 409 F. App'x at 861 (citing *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1998)) (per curiam). Despite this well-established principle, the ALJ repeatedly cited Plaintiff's lack of objective medical evidence to discredit Dr. Macy's opinions. *See* Doc. #12, *PageID* #s 67-70 ("aside from subjective claims of pain on range of movement testing and tenderness to palpation this clinician noted no disabling objective findings"; "this clinician documents no abnormalities aside from subjective tenderness and range of movement limitations secondary to pain complaints"; "the claimant's only abnormalities were tenderness to palpation and range of movement limitations"; "no more than mild abnormalities … being objectively documented into mid-2016."). This was in error. *See Lucas v. Comm'r of Soc. Sec.*, No. 1:13-cv-483, 2014 U.S. Dist. LEXIS 113126, *23 (S.D. Ohio July 18, 2014) (Litkovitz, M.J.), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 112832, 2014 WL 4065608 (S.D. Ohio Aug. 14, 2014) (Spiegel, D.J.) (Finding error where the ALJ "relied on normal test results and normal physical findings, *i.e.*, normal 'strength, reflexes, gait, and range of motion,' none of which are relevant to the severity of plaintiff's fibromyalgia symptoms."); *see also Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 778 (6th Cir. 2008) (citing *Rogers*, 486 F.3d at 245). This error is not harmless because the emphasis on normal physical examination and testing in assessing her fibromyalgia demonstrates a fundamental misunderstanding of this impairment. *Id.* at *22; *see*

8

*also Kalmbach*, 409 F. App'x at 861; *Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 715 (S.D. Ohio 2019).

Moreover, substantial evidence does not support the ALJ's other reasons for discounting Dr. Macy's opinions. For instance, the ALJ discounted Dr. Macy's severe sitting, standing, and walking limitations and his opinion that Plaintiff could not lift more than five pounds and needed a wheelchair[2] because they "were based on the uncritical acceptance of [Plaintiff's] allegations of lower extremity edema, yet no clinician ever noted edema requiring lower extremity elevation." (Doc. #12, *PageID* #s 69-70) (citation omitted). However, Dr. Macy did not indicate that any of those opined limitations were based on edema. Instead, Dr. Macy explained that Plaintiff has severe pain in her neck, back, shoulders, feet, and knees; instability; and weakness and numbness in her hands. *Id.* at 2290-91. Further, he noted, Plaintiff's severe pain is "worse [with] staying in any position to long" and results in stiffness. *Id.* at 2291. Dr. Macy's treatment notes support his decision. He regularly noted joint pain, arthralgias, back pain, and myalgias. *Id.* at 2176, 2178, 2194, 2200, 2217, 2222, 2232, 2241-42.

Based on all the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed. *See Blakley,* 581 F.3d at 409-10 (holding that "the Commissioner must follow his [or her] own procedural regulations in crediting medical opinions"). Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

---

[2] The ALJ also rejects Dr. Macy's opinion that Plaintiff needs a wheelchair because she has not presented to an exam in such a device. (Doc. #12, *PageID* #69). Notably, Dr. Macy did not opine that Plaintiff always needs a wheelchair; he opined that she needed one to walk any distance longer than one city block. *Id.* at 2291. Furthermore, in July 2019, Dr. Macy noted that Plaintiff had chronic pain in her left knee and prescribed a left knee brace, walker, and quad cane for mobility. *Id.* at 2177.

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical

source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #18) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 31, 2022                                          *s/Peter B. Silvain, Jr.*
                                                                               Peter B. Silvain, Jr.
                                                                               United States Magistrate Judge